**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ROSEMARY LOVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 25-cv-04531 (APM)** |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

The District of Columbia's Motion to Dismiss Plaintiff's Complaint, ECF No. 7 [hereinafter D.C. Mot.], is hereby granted.  The court agrees that the location where Plaintiff fell (1900 block of Independence Avenue SW) falls within the National Capital Service Area, which is exclusively controlled by the federal government.  *See* 40 U.S.C. §§ 8501–8502.  That control includes all sidewalks within the Service Area.  *See* 40 U.S.C. § 8501(a)(2) ("Where the area in paragraph (1) is bounded by a street, the street, and any sidewalk of the street, are included in the area.").  The United States' Answer confirms this understanding.  U.S. Answer to Pl.'s Compl., ECF No. 14, ¶ 2.

Plaintiff contends that dismissing the District at this time is not proper because the court must assume the truth of the facts alleged in her complaint.  *See* Pl.'s Opp'n to D.C. Mot., ECF No. 9 [hereinafter Pl.'s Opp'n], at 6–7.  But Plaintiff's assertion that the District had control over the alleged defective sidewalk, which gave rise to a duty of care, *see* Compl., ECF No. 1, ¶¶ 19, 21, is a legal conclusion that the court need not accept as true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Alternatively, Plaintiff argues that the District still bears

responsibility for the sidewalk in question because it placed a temporary patch there. *See* Pl.'s Opp'n at 8–9. Plaintiff, however, alleges only that, on the day she fell, the sidewalk contained "remnants of a deteriorated temporary asphalt patch," which "indicates that Defendant United States of America *and/or* Defendant District of Columbia was aware of the existence of the dangerous sidewalk defect and had . . . attempted to perform a repair that was inadequate, negligently performed, or abandoned." Compl. ¶ 20 (emphasis added). That is not a well-pleaded fact that raises the prospect of a right to relief against the District "above the speculative level." *Twombly*, 550 U.S. at 555.

Accordingly, the District of Columbia is dismissed from this matter, without prejudice to naming the District again as a defendant if discovery so warrants.

Dated: April 30, 2026

Amit P. Mehta
United States District Judge

2